**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0342-20

IN THE MATTER OF COUNTY
OF HUDSON AND HUDSON
COUNTY PBA LOCAL 334

---

Submitted May 19, 2022 – Decided June 16, 2022

Before Judges Haas and Alvarez.

On appeal from the New Jersey Public Employment Relations Commission, PERC Nos. 2020-55 and 2021-5.

Juan Mendoza, appellant pro se.

Christine Lucarelli, General Counsel, attorney for respondent New Jersey Public Employment Relations Commission (Frank C. Kanther, Deputy General Counsel, on the brief).

Chasan Lamparello Mallon & Cappuzzo, attorneys for respondent County of Hudson (Cindy Nan Vogelman, of counsel and on the brief; Priscilla E. Savage, on the brief).

PER CURIAM

Juan Mendoza appeals an August 13, 2020 final agency decision of the

State of New Jersey Public Employment Relations Commission (PERC) denying

reconsideration of an earlier decision granting summary judgment to Hudson County. PERC also affirmed the denial of a cross-motion filed by Hudson County Police Benevolent Association (PBA), Local 334. We now affirm.

Mendoza worked as a Hudson County sheriff's officer beginning in 1999, and belonged to the Hudson County PBA. On May 14, 2018, he was transferred from the Detective Bureau to the Cyber Crimes Unit. He had unsuccessfully asked for this transfer in 2015. Upon reassignment, his name initially remained on certain lists for overtime offered to detectives. On June 25, 2018, Mendoza was removed from the overtime lists for early start trips, late trips, and child support/criminal raids. In the Cyber Crimes Unit, Mendoza can only request overtime assignments if no one in the Detective Bureau is available. Mendoza was removed from the extradition assignment list on August 21, 2018.

On November 30, 2018, Hudson County PBA Local 334 filed an unfair practice charge (UPC) against the County, alleging that by transferring Mendoza and removing him from the lists, the County violated the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -64, specifically subsections 5.4(a)(1) and (3). Mendoza has been an active leader in his union for years, and represented many members in various actions against the Department and the County.

2

PERC's initial May 28, 2020 decision, and its August 13, 2020 denial of reconsideration, found the PBA's UPC regarding Mendoza's transfer untimely. N.J.S.A. 34:13A-5.4(c) states: "no complaint shall issue based upon any unfair practice occurring more than six months prior to the filing of the charge . . . ." No exception applied. As Mendoza's transfer occurred May 14, 2018, the November 30, 2018 union filing was not timely.

The portion of the UPC related to Mendoza's removal from overtime lists was, however, timely. As to that claim, PERC decided that removing Mendoza's name was not retaliation, but rather a step taken in compliance with existing collective negotiated agreements (CNA). Detectives have contractual priority in being offered overtime from both lists. In fact, the PBA itself initially requested that the County limit Mendoza's overtime opportunities in light of the CNAs in effect and past practice.

Neither the County nor the PBA appealed PERC's August 13, 2020 decision. On September 28, 2020, Mendoza individually filed this appeal. On July 29, 2021, PERC filed a motion to dismiss on the basis that Mendoza had no standing to pursue the matter. That application was denied without prejudice pending the decision of the merits panel.

A-0342-20

Mendoza's points of error include claims that the individuals who made the administrative decisions to remove him from the overtime lists all had conflicts of interest. He states the following:

POINT I

THE RESPONDENTS AND PERC FAILED TO DISCLOSE AND CONSIDER ADDITIONAL UNFAIR LABOR PRACTICE (UFLP) CASES PENDING IN PERC, SUCH AS PERC CO-2019-100, THIS UFLP WAS FILED UNDER MY DIRECTION ON LABOR LAW AND WORKER'S COMPENSATION LAW VIOLATIONS ENFORCED BY LT. ROLON. THE DISCLOSURE AND INCLUSION OF THIS UFLP WOULD HAVE DISPLAYED A TIMELINE OF SEVERAL EXTRADITIONS WHICH LED UP TO MY TRANSFER AND REMOVAL FROM THE EXTRADITION OVERTIME LIST THAT WOULD HAVE AFFECTED THE PERC DECISIONS.

POINT II

THE NON-DISCLOSURE OF ADDITIONAL INTERNAL UNION ACTIONS RELATING TO THE UFLP CHARGE THAT OCCURRED WITHIN THE SIX-MONTHS.

POINT III

THE RESPONDENTS FAILED TO ACKNOWLEDGE THE VARIOUS CONFLICTS OF INTEREST THAT EXISTED BETWEEN THE PARTIES IN THE UFLP.

4

POINT IV

IN THE PERC DECISIONS, PERC COMMISSIONER PAPERO'S POSITION SHOULD HAVE BEEN REPLACED WITH ANOTHER COMMISSIONER AND THE VACANT COMMISSIONER POSITION SHOULD HAVE BEEN FILLED.

POINT V

RESPONDENTS FAILED TO DISCLOSE THE CONFLICTS OF INTEREST THAT EXISTED BETWEEN THE APPELLATE AND UNDERSHERIFF CONTI IN RELATION TO [FILED] COMPLAINTS ON UNION RETALIATION.

POINT VI

THE DECISION OF THE TRANSFER AND THE REMOVAL FROM THE EXTRADITION OVERTIME LIST AFTER DISCLOSURES OF LAW VIOLATIONS AND UNION ACTIVITIES VIOLATED N.J.A.C. 4A:2-5.1.

POINT VII

ON JULY 29, 2021, A MOTION TO DISMISS WAS [FILED] BY PERC TO THE APPELLATE DIVISION STATING AS A NON-PARTY, [MENDOZA] COULD NOT PROCEED WITH THE APPEAL.

In his reply brief, he adds the following points of error:

A-0342-20

POINT I

ON NOVEMBER 30, 2021, THE PERC COMMISSION FILED A LETTER BRIEF WITH THE APPELLATE DIVISION REQUESTING THE APPEAL TO BE DISMISSED CLAIMING [MENDOZA] WAS NOT A PARTY IN THE COMMISSION DECISION.

POINT II

HEARING OFFICER CONFUSED THE OVERTIME DISTRIBUTION OF CHILD SUPPORT AND CRIMINAL RAIDS (WARRANT EXECUTIONS) PAST PRACTICE WAS ALREADY ESTABLISHED IN THE AGENCY THAT WAS AVAILABLE TO ALL DETECTIVES.

POINT III

THE RETALIATION CLAIMS ON THE DECISIONS [WERE] NOT PROPERLY INVESTIGATED BY THE INITIAL HEARING OFFICER OR THE PERC COMMISSION TO PROPERLY . . . DECIDE ON RETALIATION.

POINT IV

THE PERC COMMISSION DID NOT PROPERLY APPLY THE BRIDGEWATER[1] STANDARDS IN THE DECISIONS.

POINT V

THE HEARING OFFICER IMPROPERLY APPLIED A REQUEST TO CONDUCT CJIS TRAININGS FOR

---

[1] In re Bridgewater Twp., 95 N.J. 235 (1984).

A-0342-20

THE COURT BUREAU PERSONNEL AND . . . FAILED TO ACKNOWLEDGE THE ACTUAL TRANSFER DATE AND REMOVAL FROM OVERTIME LIST.

POINT VI

THE RESPONDENT'S BRIEF WAS SERVED LATE TO THE APPELLATE ON DECEMBER 7, 2021, THE RESPONDENT[']S BRIEF SHOULD BE PRECLUDED FROM PARTICIPATING IN THE APPEAL BASED ON APPELLATE DIVISION SCHEDULING ORDER AND [RULE] 1:3-3.

The appeal must be dismissed because Mendoza lacks standing. The UPC charge was brought by the union against a municipal entity. See N.J.A.C. 19:14-1.1 and 1.2. Since Mendoza was not a party to the prior proceedings, he lacks authority to appeal the outcome. Cf. Too Much Media, LLC v. Hale, 413 N.J. Super. 135, 163 (App. Div. 2010) ("Ordinarily, a litigant may not claim standing to assert the rights of third parties.") (citation omitted).

Even if he did have standing, Mendoza falls woefully short of the high bar he must vault in order to prevail. The scope of judicial review of PERC's factual determinations is quite limited. See Bridgewater Twp., 95 N.J. at 245. "The evaluation of the evidence is assigned to PERC, not to us." Ibid. Similarly, in determining whether a UPC was established, and whether PERC's review of a UPC is legally sustainable, our scope of review is limited. Bridgewater Twp.,

95 N.J. at 244. The agency's interpretation of the statute is entitled to great deference. Ibid.

Nothing in the record suggests that the decision was arbitrary or capricious. The challenge to the transfer was out of time. Mendoza's removal from the overtime lists merely brought the County and the Sheriff's Department into compliance with previously negotiated contracts. Thus, PERC decided the matter correctly on the merits.

In Mendoza's last paragraph of his initial brief, he requests the matter be transferred to the Office of Administrative Law or the Supreme Court, since he claims there is a conflict with "civil service employees." Such transfer is not a valid procedural alternative. Similarly, Mendoza's request that the matter be referred to the New Jersey Office of the Attorney General is without foundation. We find Mendoza's arguments so lacking in merit that they do not require further discussion in a written decision. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0342-20